IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOWELL FINLEY,

        Plaintiff,

vs.

R.L. GRIGGS, et al.,

        Defendants.

No. CIV S-07-2344 FCD EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds on his November 17, 2008 first amended complaint.

Plaintiff has filed a motion for summary judgment together with a supporting declaration.[1] *See* Dckt. Nos. 40, 49. Plaintiff's first amended complaint also has more than a hundred pages of documents attached, which for the most part, document his internal appeals and contain the same allegations in his complaint. *See* Dckt. No. 14. For the reasons set forth below, plaintiff's motion for summary judgment must be denied.

---

[1] Defendants make various objections to plaintiff's declaration. *See* Dckt. No. 46. Defendants assert that some of the statements in the declaration are vague and ambiguous, contain hearsay, and lack foundation. As plaintiff's motion for summary judgment must be denied even considering the evidence presented in plaintiff's declaration, the court need not address those objections.

1

Plaintiff has also filed a motion asking the court to order defendants to engage in settlement negotiations. Dckt. No. 38. As addressed below, the court treats the motion as a request for a settlement conference and directs that settlement statement be submitted. The motion is otherwise denied.

**I. Summary Judgment Motion**

    **A. Claims**

Plaintiff alleges the following claims against defendants: (1) R. L. Griggs retaliated against plaintiff for filing a grievance against her by submitting a rules violation report against him; (2) T. Terronez intercepted plaintiff's letter to the Office of Internal Affairs and a letter to the United States District Court, preventing these letters from being deposited in the mail; (3) R. L. Griggs, S.W. Brown and J. Nuehring ensured that plaintiff was placed in administrative segregation in retaliation for plaintiff's exercising his right to petition the government for redress; (4) C. Primm, A. Stuart and R. L. Griggs retaliated against plaintiff for writing to the Office of Internal Affairs by depriving him of his personal property while he was in administrative segregation; (5) V. Cuevas retaliated against plaintiff for writing to the Office of Internal Affairs by constantly harassing plaintiff and interfering with plaintiff's ability to use the law library while he was in administrative segregation and by damaging plaintiff's personal property; (6) R. L. Griggs told prisoners that plaintiff was a "snitch," resulting in prisoners threatening harm to plaintiff; (7) C. Orrick and R. L. Griggs retaliated against plaintiff for filing an appeal against Griggs and for refusing to withdraw it by having plaintiff placed into administrative segregation and filing a disciplinary report; (8) R. Terrazas violated plaintiff's right to petition the government by intercepting an appeal concerning the conduct of C. Orrick and R. L. Griggs in order to cover up the retaliatory conduct of C. Orrick and R. L. Griggs; and (9) as a result of N. Valdez's unjustified confiscation of plaintiff's legal materials, an action pending in federal court was dismissed because plaintiff was not able to amend his complaint.
////

**B. Legal Standard**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The utility of Rule 56 to determine whether there is a "genuine issue of material fact," such that the case must be resolved through presentation of testimony and evidence at trial is well established. To withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *see also California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988). In short, there is no genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

To overcome summary judgment, defendants must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In this regard, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. It is sufficient that "the claimed factual dispute be shown to

require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631.

**C. Analysis**

As noted above, plaintiff's motion for summary judgment is supported by his declaration attesting to the facts in his complaint. He has also filed a document styled "Statement of Undisputed Facts" to which defendants have filed a response. *See* Dckt. Nos. 42, 50. In support of their opposition to plaintiff's motion, defendants have filed declarations by S.W. Brown, V. Cuevas, J. Nuehring, C. Primm, A. Stuart, R. Terrazas, C.O. Terronez, N. Valdez, R.L. Griggs, and C. Orrick. *See* Dckt. Nos. 51-58, 61-62. As explained below, genuine issues of fact exist regarding all of plaintiff's claims, and plaintiff is therefore not entitled to summary judgment on any claim.[2]

In support of his first claim, plaintiff attests that Griggs disrespected him in front of other inmates, that he told her that he was planning to file a grievance against her, and that she filed a rule violation report falsely accusing him of disobeying a direct order and asking that he be re-housed. Dckt. No. 41 at 1-2. Griggs, on the other hand, attests that plaintiff began arguing with her and did not comply with her direct orders. She attests that at no time did she falsely report any action or retaliate against plaintiff. Dckt. No. 61 at 2. As the parties disagree regarding material factual issues with regard to this claim, including whether the rule violation report contained false information, summary judgment is not appropriate on this claim.

The rest of plaintiff's claims also involve disputed factual issues. In support of his second claim, plaintiff attests that defendant Terronez intercepted his confidential legal letter and gave it to defendant Griggs, who placed plaintiff in administrative segregation in retaliation.

---

[2] Defendants argue that plaintiff has failed to follow the "basic requirements for filing a proper motion for summary judgment, including but not limited to his failure to file a proper statement of undisputed facts with supporting admissible evidence." Dckt. No. 49 at 2. As plaintiff's motion for summary judgment must be denied on the merits, the court does not address this argument.

4

Dckt. No. 41 at 4.  As noted above, Griggs attests that she did not retaliate against plaintiff. Dckt. No. 61 at 2.  Terronez attests that he did not retaliate against plaintiff or participate in any retaliation against plaintiff and did not take any action in violation of plaintiff's constitutional rights.³  Dckt. No. 57 at 1-2.  In support of his third claim, plaintiff again attests that Griggs filed a false rules violation report against him after he witnessed her engaging in sexual behavior with another correctional officer.  Dckt. No. 41 at 4.  He attests that he filed a staff complaint against Griggs, but it was intercepted by Terronez and given to Griggs.  He attests that as a result of a meeting between Griggs, Brown and Nuehring he was placed in administrative segregation because of his complaint against Griggs.  *Id.* at 5.  Like Terronez and Griggs, Brown and Nuehring attest that they did not retaliate or participate in a retaliation against plaintiff, falsely report any action on the part of plaintiff, or take any action in violation of his constitutional rights.  Dckt. Nos. 51, 53.  In support of claim four, plaintiff attests that he lost several items of his personal property after defendant Primm told Griggs and Stuart not to secure plaintiff's property because he had filed complaints with the internal affairs office.  Dckt. No. 41 at 5-6.  Primm, Stuart and Griggs attest that they did not take any action or fail to take any action in order for plaintiff to lose his personal property.  Dckt. Nos. 54, 55, 61.  In support of claim five, plaintiff attests that Cuevas harassed him, refused to give him legal materials or copy documents that plaintiff had submitted, and damaged his personal property.  Dckt. No. 41 at 7.  Like the other defendants, Cuevas generally denies wrongdoing.  Dckt. No. 52.  In support of claim six, plaintiff attests that Griggs told other inmates that he had told her that they were involved in an assault incident, and that he was threatened with physical harm as a direct result.  Dckt. No. 41 at 7-8.  Griggs declaration states that "at no time did [she] take any action to have [p]laintiff

---

³ The court notes that defendants' declarations are somewhat generic and in part improperly attest to legal conclusions rather than refuting the specific facts plaintiff alleges. However, as it is plaintiff's burden to demonstrate that no genuine issue of material fact exists, and the only evidence that he has submitted with his motion is his own declaration, the declarations are sufficient to defeat summary judgment.

5

assaulted by other inmates." Dckt. No. 61 at 2. Plaintiff's declaration, which seeks to contradict this testimony through an alleged statement by Griggs to other inmates is insufficient evidence to meet his burden on summary judgment and his motion must be denied as to this claim as well.

In support of claim seven, plaintiff attests that Orrick and Griggs retaliated against plaintiff for filing an appeal against Griggs and for refusing to withdraw it by having plaintiff placed into administrative segregation and filing fabricated disciplinary reports. Dckt. No. 41 at 9. Both officers attest that they did not retaliate against plaintiff and that they did not falsely report plaintiff's actions. Dckt. Nos. 61, 62. In support of claim eight, plaintiff attests that Terrazas intercepted an appeal concerning the conduct of Orrick and Griggs. Dckt. No. 41 at 9. Terrazas attests that he did not "withhold" any of plaintiff's grievances or "cover up any actions of anyone relating to Plaintiff." Dckt. No. 56. Finally, in support of claim nine, plaintiff attests that Valdez took his legal papers and refused to give them back or provide him with a receipt, and that as a result his civil rights complaint was dismissed. Dckt. No. 41 at 10. Valdez attests that he did not "take any action, or fail to take any action, in order for Plaintiff to lose any of his 'personal property', including but not limited to legal papers." Dckt. No. 58.

Thus, for each of plaintiff's claims, defendants have controverted key facts in his declaration. Plaintiff has failed to meet his burden of demonstrating that there are no genuine issues of material fact, and his motion for summary judgment must be denied.

## II. Motion for Settlement Negotiations

Plaintiff has filed a motion asking the court to direct the parties to participate in settlement negotiations. Dckt. No. 38. The parties are directed to submit settlement statements to chambers within 30 days of the date of this order. Upon reviewing the settlement statements, the court will determine whether a settlement conference is warranted. Plaintiff's motion is otherwise denied.

////

////

**III. Conclusion**

Accordingly, it is ORDERED that:

1. Defendants' objections to plaintiff's declaration in support of his summary judgment motion are overruled without prejudice to renewal at trial.

2. The parties are directed to submit settlement conference statements within 30 days of the date of this order. Plaintiff's motion for a settlement conference is otherwise denied and the Clerk of the court is directed to terminate docket entry 38.

Furthermore, it is hereby RECOMMENDED that plaintiff's February 22, 2010, motion for summary judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE