IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOWELL FINLEY,

        Plaintiff,                    No. CIV S-07-2344 KJM EFB P

    vs.

R.L. GRIGGS, et al.,

ORDER

        Defendants.

_____/

        On April 8, 2011, the court issued an order memorializing that this case had been settled. The court ordered that dispositional documents be filed not later than August 10, 2011, and explained that failure to comply with the order would constitute grounds for the imposition of sanctions. Dckt. No. 97. Defendants did not timely filed the dispositional documents.

        In addition, plaintiff has filed several motions and letters claiming that he has not been paid the agreed-upon settlement. *See* Dckt. Nos. 98 (motion for order for payment of settlement); 99 (withdrawal of 98); 101 (motion for order shortening time to make payment); 102 (request for entry of default); 106 (motion for default judgment); 107 (motion for default judgment); 108 (request for entry of default); 111 (motion for order directing defendants to pay settlement funds); 112 (notice regarding payment of settlement). In all of these filings, plaintiff requests that he be paid the money from the settlement of this case.

1

On September 15, 2011, the court ordered defendants to show cause why they should not be sanctioned for their violation of the August 10, 2011 order. Dckt. No. 113. In addition, the court ordered defendants to explain whether plaintiff has been paid the agreed-upon settlement amount, and to provide evidence to support the facts alleged in their filing.

Defendants have responded to the court's order to show cause. *See* Dckt. No. 114 at 3-4. Defendant's counsel states that he is informed that the settlement funds in this case had been deposited into plaintiff's trust account at Centinela, but were subject to a hold due to several court orders in which plaintiff was ordered to pay more than the settlement amount in filing fees. *Id.* at 3. Defendants state that the funds cannot be released to plaintiff because they are owed to the court for filing fees in thirteen cases. *Id.* However, defendants have not submitted a declaration by a person with personal knowledge of the state of plaintiff's trust account. *Id.* Nor have they attached a statement showing plaintiff's trust account balance, or any reliable evidence showing that plaintiff indeed owes filing fees for 13 lawsuits. Defendant's counsel's declaration is based on hearsay and does not constitute reliable evidence. Thus, the court defers ruling on plaintiff's motions until defendants provide an opposition to plaintiff's motion supported by reliable evidence, as set forth below, or file dispositional documents.

Defendants ask for additional time "to allow the court to rule on Plaintiff's motion/ request in *Finley v. Olive*," another civil case brought by plaintiff, in which plaintiff requested that CDCR be directed to release funds to pay his filing fee. *Id.* Defendants do not explain how the ruling on plaintiff's motion in *Olive* is relevant to the court's order to show cause in this case. In addition, this court takes judicial notice that the motion at issue in *Finley v. Olive*, 10-0778 LJO BAM, has been resolved. Defendants have not requested a specific amount of time to file dispositional documents in this case.

Regarding defendants' failure to timely file the dispositional documents, defendants' counsel declares that he did not want to file a stipulated dismissal with prejudice until he was informed by plaintiff that he had received the settlement funds. Dckt. No. 114 at 2. In this

2

1  situation, defendants' counsel ought to have requested an extension of time to file the
2  documents.  However, the court discharges the order to show cause.
3    Accordingly, it is hereby ORDERED that:
4    1.  The court's September 15, 2011 order to show cause is discharged.
5    2.  Within 30 days of the date of this order, defendants shall either: 1) file dispositional
6  documents, or 2) file a request an extension of time for doing so, supported by good cause,
7  together with an opposition to plaintiff's motions, supported by reliable evidence.
8  Dated:  November 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3